IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WESTERN SURETY COMPANY, | ) | Civil Action No. 4:16-cv-03425-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **ORDER** |
| | ) | |
| BRIAN RUNYON, and ONE SHOT DIRECTIONAL DRILLING, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    THIS MATTER comes before the court upon the motion of the Plaintiff, Western Surety Company, pursuant to Federal Rule of Civil Procedure 64 for an order seeking a Writ of Replevin against the Defendants, Brian Runyon and One Shot Directional Drilling, LLC. Plaintiff also references the default judgment standard provided for by Rule 55 of the Federal Rules of Civil Procedure and requests judgment for the possession of the Equipment.

    Rule 64 makes available in federal actions prejudgment remedies, including replevin, which is the return of property wrongfully possessed by another, on the terms they are provided for under the law of the state in which the federal court is located. *Weener Plastics, Inc. v. HNH Packaging, LLC*, 590 F. Supp. 2d 760, 764 (E.D.N.C. 2008). Rule 55(b) grants the court the power to enter final default judgment against a party upon application by the plaintiff after the entry of default. Entry of a final default judgment is appropriate when, as here, a properly served party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D.Md. 2010) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)). While Plaintiff is clearly entitled to final judgment against Defendants for possession of

the Equipment pursuant to Rule 55, the prejudgment remedy of replevin is unnecessary at this stage of the case.

Accordingly, it appearing to the Court that Defendants, Brian Runyon and One Shot Directional Drilling, LLC, have been placed in default, and have thus deemed to have admitted the allegations with Plaintiff's Complaint;

Plaintiff issued certain Payment and Performance Bonds on behalf of Hi-Tech Construction Company, Inc. ("Hi-Tech") on or about September 16, 1996, related to Hi-Tech's involvement in construction projects;

Hi-Tech Construction Company, Inc. and HT-Holdings, Inc. ("HT-Holdings") executed a General Agreement of Indemnification with Plaintiff in connection with the issuance of the bonds;

Under the terms of the General Agreement of Indemnification, HT-Holdings granted Plaintiff a security interest under the Uniform Commercial Code in all rights, title and interests in HT-Holding's machinery, tools and equipment identified in the Verified Complaint ("Equipment");

As a result of Hi-Tech's failure or inability to complete all obligations under some or all of the construction projects, Plaintiff incurred damages, costs and expenses, in connection with the bonds issued to Hi-Tech;

HT-Holdings authorized Plaintiff to take possession of the Equipment;

On, or about August 3, 2016, Plaintiff made a demand in writing on Defendants to surrender the Equipment that is in their possession to Plaintiff, and Defendants have failed to surrender the Equipment to Plaintiff;

This Court finds that the well-plead allegations in Plaintiff's Complaint support the relief sought in this action;

It is hereby ORDERED that Plaintiff is hereby entitled to judgment against the Defendants, Brian Runyon and One Shot Directional Drilling, for permanent possession of the Equipment described in Plaintiff's Complaint, with the right to dispose of the Equipment.

IT IS FURTHER ORDERED that the Defendants, Brian Runyon and One Shot Directional Drilling, are enjoined and directed to deliver possession of the Equipment identified in Plaintiff's Complaint to the U.S. Marshal Service, and upon their failure to do so, the U.S. Marshal Service is directed to immediately seize the Equipment and deliver it to Plaintiff. Plaintiff shall assist the U.S. Marshal Service by providing the location of the Equipment. Plaintiff's counsel shall coordinate with the U.S. Marshal Service with regard to any seizure efforts and provide any necessary support concerning the logistics of seizing and/or removing the Equipment. In carrying out this Order, the U.S. Marshal Service shall demand delivery of the Equipment and, if delivery is refused and if the Defendants cannot, after due diligence, be found, the U.S. Marshal Service is authorized to remove the Equipment from the possession of anyone holding under or through Defendants.

IT IS FURTHER ORDERED that all costs and fees associated with the transfer of the Equipment be borne by Defendants.

IT IS FURTHER ORDERED that Plaintiff's [ECF Nos. 7 & 16] motions for replevin are DENIED as moot.

IT IS SO ORDERED.

March 7, 2017                               s/ R. Bryan Harwell
Florence, South Carolina                    R. Bryan Harwell
                                            United States District Judge